IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

ANDRE JUSTE, and
MOTJUSTE TIRADE OF VIM ANDRE JUSTE,

        Plaintiffs,

v.                            CIVIL ACTION NO.: 3:15-CV-54
                            (GROH)

MCDONALD RESTAURANT CORPORATION, *et al.,*

        Defendants.

## REPORT AND RECOMMENDATION

On April 14, 2015, Plaintiff Andre Juste filed a *pro se* Complaint on behalf of himself and MotJuste Tirade of Vim Andre Juste,[1] a corporation, alleging that Defendants engaged in false advertising, defamed him and otherwise portrayed him in a false light by connecting him to a bank robbery committed in Shepherdstown, West Virginian in May 2010. (Compl. at 15-28, ECF No. 1). Plaintiff seeks monetary damages in the amount of $50,000,000.00 for damage to his reputation, humiliation, physical anguish and emotional distress. (Compl. at 19). On April 14, 2015, this case was transferred to the Northern District of West Virginia from the United States District Court for the District of Columbia. (ECF No. 3). This matter is currently before the undersigned on Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 2).

### I.  STANDARD OF REVIEW

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The Court has the authority to allow a case to proceed without the prepayment of fees "by a person

---

[1] As discussed in further detail below, Mr. Juste cannot proceed *pro se* on behalf of his "corporation," MotJuste Tirade of Vim Andre Juste. Therefore, only Mr. Juste may proceed as the proper Plaintiff.

1

who affirms by affidavit that he or she is unable to pay costs." L.R. Gen. P. 3.01; see also 28 U.S.C. § 1915(a)(1). The plaintiff files this affidavit along with a request or Motion for Leave to Proceed *In Forma Pauperis*. See Fed. R. Civ. P. 24. The purpose of the "federal *in forma pauperis* statute…is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. 28 U.S.C. § 1915(e)(2). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Id. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., based on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing a case filed by a *pro se* plaintiff, the Court liberally construes the complaint. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

As stated above, under the federal *in forma pauperis* statute, a case may be dismissed if the court finds the complaint to be frivolous. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke, 490 U.S. at 325. A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Id. at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or where the claims rely on factual allegations which are "clearly baseless." Id. at 327; see also Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

The federal *in forma pauperis* statute allows a court to *sua sponte* dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

## II. FACTS

On May 5, 2010, a robbery occurred at the United Bank in Maddex Square in Shepherdstown, West Virginia. Plaintiff asserts that photographs were obtained from video

3

surveillance from the McDonald's restaurant located next to the United Bank. (Compl. at 11). These photographs were then provided to the Jefferson County Sheriff's Department. (Id.). Plaintiff asserts that on or about May 19, 2010, NBC 25 News/WHAQ wrongfully broadcasted Plaintiff's photograph over the news in connection with a bank robbery. (Compl. at 13, 15). On or about May 19, 2010, the Journal Newspaper also wrongfully published Plaintiff's photograph in connection with the robbery; the story was allegedly written by Matt Armstrong. (Compl. at 15, 21-22). Along with the photographs, Detective Steven Holz of Jefferson County Sheriff's Department stated that authorities were trying to identify the black man wearing a red jacket in the surveillance photographs. (Compl. at 17). Employees of the McDonald's stated they saw the man in the photograph on several occasions, he was a regular customer and that he spoke with an accent, possibly Jamaican. (Compl. at 17). Plaintiff alleges that employees of CVS further engaged in defamation of character by identifying him as the robber. (Compl. at 13). Plaintiff states in full:

> Each of the Defendants acted in concert with respect to the creation, writing, editing, and publishing of libel, slanderous the defamatory of Character false publication and information or statements [] media and advertised article that is the subject matter of this action and then that defendant caused 'thousands of copies' libels, slanders of the defamatory of character article that [] subject matter of this action to be circulated the photo of Andre Juste in the State of [West] Virginia, Maryland, Virginia and others including on the Web.

(Compl. at 15). He further alleges the false information and statements were made "with reckless disregard for truth or falsity" and Defendants knew they had no reliable or unbiased evidence. (Compl. at 19). Due to the release of the photographs connecting him with the robbery, Plaintiff alleges he "suffered damage to his reputation irreparable harms, shame, [], mastication, humiliation and anguish physically and emotional distress, all to his general [] in the amount of $50,000,000.00." (Compl. at 19).

### III. **DISCUSSION**

A.  **Improper Plaintiff**

While Plaintiff filed his Complaint on behalf of himself and his "corporation," MotJuste Tirade of Vim Andre Juste, Mr. Juste cannot represent a corporation as a *pro se* Plaintiff. The Fourth Circuit has endorsed the "well-established rule that 'a corporation may appear in the federal courts only through licensed counsel.'" Flame S.A. v. Freight Bulk Pte. Ltd., 762 F.3d 352, 355 n.3 (4th Cir. 2014); see also In re Under Seal, 749 F.3d 276, 290 n. 17 (4th Cir. 2014) (finding that a corporation could not proceed *pro se* and that "the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney"); Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 212 (1993). Accordingly, Mr. Juste cannot proceed *pro se* on behalf of his "corporation," MotJuste Tirade of Vim Andre Juste. Therefore, the Court will refer only to "Plaintiff," meaning Mr. Juste himself.

B.  **Jurisdiction**

Only certain types of cases may be filed in federal district court. In order to properly rule on a lawsuit, a federal district court must be able to exercise jurisdiction over the parties and particular claims raised in a complaint. A federal district court may exercise subject matter jurisdiction over cases that involve a "federal question" or those cases that involve a controversy exceeding $75,000.00 between citizens from different states. See 28 U.S.C. §§ 1331 and 1332. Under the Federal Rules of Civil Procedure, the Court may dismiss a case at any time if the court determines that the case lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

1. **Federal Question Jurisdiction Under 28 U.S.C. § 1331**

In order to base subject matter jurisdiction on "federal question" jurisdiction under 28 U.S.C. § 1331, the civil case must "aris[e] under the Constitution, laws, or treaties of the United States." The well-pleaded complaint rule requires that the federal question appear on the face of a properly-pleaded complaint; otherwise, the court lacks federal question jurisdiction. See Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 370 (4th Cir. 2001) (citing Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986)). Federal question jurisdiction, however, "may not be premised on the mere citation of federal statutes." Weller v. Dep't of Soc. Servs. for City of Balt., 901 F.2d 387, 391 (4th Cir. 1990).

Here, Plaintiff lists several federal statutes in support of his claim that Defendants engaged in false advertising and/or made false claims and statements. (Compl. at 9). Specifically, Plaintiff alleges violations of: 18 U.S.C. § 709; 15 U.S.C. § 45; 18 U.S.C. § 1125; 31 U.S.C. §3802; 49 U.S.C. § 46302; and the Local and Federal Rules of Civil Procedure.

First, Plaintiff states that Defendants must be held liable for violating the federal criminal statute of false advertising or misuse of names to indicate Federal agency, 18 U.S.C. § 709. (Compl. at 9). Criminal statutes cannot be the basis of jurisdiction in a civil case. See Whittington v. U.S. Bank Nat. Ass'n, No. 4:12-CV-03167-MGL, 2013 WL 2285943, at *11 (D.S.C. May 23, 2013) (finding that a federal criminal statute did not give the court federal question jurisdiction over a civil case.). While federal district courts do have jurisdiction over criminal cases, a plaintiff filing a civil case cannot bring a criminal case against another person. See Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) (stating that "[n]o citizen has an enforceable right to institute a criminal prosecution."). Accordingly, the Court cannot exercise jurisdiction over the alleged violation of federal criminal law asserted by Plaintiff in this civil case.

Plaintiff alleges that Defendants violated the Federal Trade Commission Act, 15 U.S.C. § 45. Case law is clear that "[t]here is no private cause of action implied under the Federal Trade Commission Act." Lingo v. Albany Dep't of Cmty. & Econ. Dev., 195 Fed. Appx. 891, 894 (11th Cir. 2006); see also Roberts v. Cameron–Brown Co., 556 F.2d 356, 361 n. 6 (5th Cir.1977) (stating that "regulation is in the hands of the administrative agency, and not the private citizen."); Holloway v. Bristol–Myers Corp., 485 F.2d 986, 988–89 (D.C. Cir. 1973) (finding that "Congress did not contemplate or intend such a private right of action"). The Fourth Circuit has also noted that "courts have declined to imply any private right of action [in the Federal Trade Commission Act] and have relied upon the regulatory scheme to police the industry." A & E Supply Co. v. Nationwide Mut. Fire Ins. Co., 798 F.2d 669, 675 (4th Cir. 1986). Accordingly, an individual consumer or member of the public is not able to bring a civil case against a person, partnership or corporation alleging a violation of the Federal Trade Commission Act. When a private person seeks to allege a violation of the Federal Trade Commission Act, the person must raise their complaint with the Federal Trade Commission, not the United States district courts. In the absence of a plausible legal claim, the Court finds that this claim is frivolous because the legal theory is "indisputably meritless" and the facts alleged in support of this claim are "clearly baseless." See Neitzke, 490 U.S. at 325, 327. Accordingly, the Court recommends this claim be dismissed.

Plaintiff also alleges a violation of the Lanham Act, 15 U.S.C. § 1125, which authorizes a civil action for "false designation of origin, false or misleading description of fact, or false or misleading representation of fact" in connection with his or her or another person's "goods, services, or commercial activities." 15 U.S.C. § 1125. Plaintiff alleges no facts related to false advertising or misleading representation of fact related to goods, services or commercial activities. In the absence of a plausible legal claim, the Court finds that this claim is frivolous because the

legal theory is "indisputably meritless" and the facts alleged in support of this claim are "clearly baseless." See Neitzke, 490 U.S. at 325, 327. Accordingly, the Court recommends this claim be dismissed.

Plaintiff also alleges a violation of the Program Fraud Civil Remedies Act, 31 U.S.C. §3802. (Compl. at 9). This Act establishes civil penalties for the presentation or submission of false, fictitious or fraudulent statements to federal executive, administrative and military departments as well as the United States Postal Service and National Science Foundation. See 31 U.S.C. §§ 3801, 3802. Plaintiff alleges no facts that false statements were made to any of the listed federal authorities under the Program Fraud Civil Remedies Act. In the absence of a plausible legal claim, the Court finds that this claim is frivolous because the legal theory is "indisputably meritless" and the facts alleged in support of this claim are "clearly baseless." See Neitzke, 490 U.S. at 325, 327. Accordingly, the Court recommends this claim be dismissed.

Lastly, Plaintiff alleges violations of the Local Rules and Federal Rules of Civil Procedure. (Compl. at 43). Plaintiff does not specify which rules or the basis for this claim. The Federal Rules of Procedure "govern the procedure in ... civil actions and proceedings in the United States district courts[.]" Fed. R. Civ. P. 1. Similarly, the Local Rules of the United States District Court for the Northern District of West Virginia "govern the conduct and management of the business, operations, and proceedings of the Court." Neither the Local Rules nor the Federal Rules of Civil Procedure create a private cause of action. See Safford v. Barnes, No. 1:14CV267, 2014 WL 5819380, at *7 (M.D.N.C. Nov. 10, 2014) (holding that the procedural rules do not create a cause of action) (citing Digene Corp. v. Ventana Med. Sys., Inc., 476 F. Supp. 2d 444, 452 (D. Del. 2007) ("[T]he Federal Rules of Civil Procedure do not create a private cause of action."). In the absence of a plausible legal claim, the Court finds that this claim is frivolous because the legal

theory is "indisputably meritless" and the facts alleged in support of this claim are "clearly baseless." See Neitzke, 490 U.S. at 325, 327. Accordingly, the Court recommends this claim be dismissed.

Although the Court liberally construes the complaint of a *pro se* plaintiff, "[a] district judge is not required to piece together causes of action from fragmentary factual recitations." See Cochran v. Morris, 73 F.3d 1310, 1318 (4th Cir. 1996). Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court may dismiss a complaint if it fails to state a claim on which relief may be granted. As stated above, the complaint must contain factual allegations that are sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555. Here, Plaintiff's Complaint contains only frivolous claims under the federal statutes cited. See Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 391 (4th Cir.1990) ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed."). Therefore, the undersigned respectfully recommends that Plaintiff's Complaint be dismissed as to the federal claims.

**C.     Diversity Jurisdiction Under 28 U.S.C. § 1332**

As stated above, the undersigned recommends dismissing all of Plaintiff's alleged federal question claims. The only claims remaining in Plaintiff's Complaint include state law claims. Plaintiff specifically lists seven causes of action arising under state law in his Complaint: 1) Libel; 2) False Light Invasion of Privacy; 3) Invasion of Privacy – Publication of Private Facts; 4) Violation of the Laws and Rules of the Northern District of West Virginia and Federal Rules of Civil Procedure; 5) Common Law Invasion of Privacy – Appropriation; 6) Intentional Infliction of Emotional Distress; and 7) Negligent Infliction of Emotional Distress. (Compl. at 29-51).

With only state law claims remaining, in order for Plaintiff's Complaint to be properly before the Court, Plaintiff must establish diversity jurisdiction. Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States." To base subject matter jurisdiction upon § 1332, complete diversity must exist, which means the citizenship of the plaintiff must be different from the citizenship of *each and every* defendant. See Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011) (explaining that "Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant.") (citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996)). Also, it is required in a diversity case that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332; see also Toler v. State Farm Mut. Auto. Ins. Co., 25 Fed. Appx. 141, 143 (4th Cir. 2001).

In the present case, the issue is whether complete diversity exists among Plaintiff and Defendants listed in the Complaint. The complete diversity requirement of Section 1332(a) is only satisfied when the lawsuit contains "no plaintiff and no defendant who are citizens of the same state." Wis. Dep't of Corrections v. Schact, 524 U.S. 381, 388 (1998). An individual is a citizen of the state in which she is domiciled. See Johnson v. Advance Am., 549 F.3d 932, 937 n.2 (4th Cir. 2008). "Domicile requires physical presence, coupled with an intent to make the State a home." Id. The burden is on Plaintiff, as the party seeking to invoke the jurisdiction of the federal court, to establish domicile for the purposes of diversity jurisdiction. See Sligh v. Doe, 596 F.2d 1169, 1172 (4th Cir. 1979); see also Johnson, 549 F.3d at 940 ("[T]he party seeking to invoke federal jurisdiction must...demonstrate the basis for federal jurisdiction.").

The Court first looks to where Plaintiff is domiciled. Plaintiff's address provided in the caption of the Complaint is listed as 65 Massachusetts Avenue NW, Washington DC.[2] (Compl. at 1). However, in the Complaint itself, Plaintiff states multiple times that he is a resident and/or citizen of West Virginia. Plaintiff states that "Plaintiffs and Defendants are natural persons who are resident and resided in Jefferson and Berkeley Counties also doing business as." (Compl. at 9). Plaintiff again states "Plaintiff, MotJuste Tirade of Vim Andre Juste, is a corporation resided in Mart[] of Berkeley County, West Virginia who name is Association with Andre Juste; Plaintiff [] Juste is a resident citizen of Martinsburg of Berkeley County, West Virginia." (Compl. at 11). Moreover, in the District Court of Columbia's Transfer Order, the court specifically noted that "[n]one of the parties is located in the District of Columbia." (Transfer Order at 1, ECF No. 3).

While Plaintiff may be currently residing in Washington DC, the Complaint includes no information indicating that Plaintiff is in fact domiciled in Washington DC or intends to make it his present home.[3] Despite utilizing a Washington DC address in the caption of the Complaint, Plaintiff has specifically plead to being a "resident citizen" of Martinsburg, West Virginia with his "corporation" similarly based in Martinsburg, West Virginia. (Compl. at 9, 11). Plaintiff does not assert that he intends to remain in Washington DC. Neither his absence from West Virginia nor his physical presence in Washington DC is sufficient to support a change in domicile. To establish

---

[2] The building located at 65 Massachusetts Avenue NW, Washington DC 20001 is the Men's Homeless Shelter run by the Central Union Mission organization. See Central Union Mission, http://www.missiondc.org/locations/.

[3] Factors frequently taken into account when considering where a person is domiciled include: "current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; memberships in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several others. No single factor is conclusive." Wright, Miller and Cooper, Federal Practice and Procedure: Jurisdiction 2d, § 3612 (citations omitted).

domicile, "there must be both a change of residence and an intent to remain at the new residence indefinitely; the old domicile continues even when there is a change of residence until there is an intent to create a new home." Am. Heartland Port, Inc. v. Am. Port Holdings, Inc., No. 5:11CV50, 2014 WL 1123384, at *3 (N.D.W. Va. Mar. 21, 2014) (citing Dryer v. Robinson, 853 F. Supp. 169, 172 (D. Md. 1994); Hakkila v. Consolidated Edison Co., 745 F. Supp. 988, 990 (S.D.N.Y. 1990)). "Domicile is not destroyed by mere absence from the domicile state…nor by itself is physical presence in a new location sufficient to support a finding of change of domicile." Dyer, 853 F. Supp. at 172 (internal citations omitted). Even if Plaintiff is currently residing at a homeless shelter in Washington DC, residence alone does not establish domicile. As such, Plaintiff has failed to meet his burden demonstrating that his domicile has moved to Washington DC; accordingly, the undersigned finds that Plaintiff is domiciled in West Virginia.

The Court next looks to the citizenship of Defendants listed in the Complaint. Multiple Defendants listed in Plaintiff's Complaint also reside in or maintain a regular place of business in West Virginia. Defendants including McDonald's Restaurant and employees, Jefferson County Sherriff's Department, CVS Corporation and employees and The Journal Corporation. (Compl. at 1-7). Therefore, complete diversity does not exist among Plaintiff and each and every defendant. As such, the Court lacks subject matter jurisdiction under § 1332. See Cent. W. Va. Energy Co., 636 F.3d at 103.

## IV.    RECOMMENDATION

For the reasons set forth in this opinion, the undersigned respectfully recommends that Plaintiff's Complaint [**ECF No. 1**] be **DISMISSED WITHOUT PREJUDICE** and that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [**ECF No. 2**] be **DENIED** as moot.

12

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, Plaintiff may file with the Clerk of Court written objections identifying those portions of the Recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to this Recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Plaintiff Andre Juste.

Respectfully submitted this June 5, 2015.

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE